IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NATIA WOODS, *individually and on behalf of similarly situated persons*, | § § § § § | |
| Plaintiff, | § § | |
| v. | § | 1:23-CV-1311-DII |
| ATO FOODS, LLC, | § § § § | |
| Defendant. | § | |

**ORDER**

Before the Court is Defendant ATO Foods, LLC's ("ATO Foods") Unopposed Motion to Set Aside Clerk's Entry of Default and Motion to File Responsive Pleading Out of Time. (Dkt. 10). After reviewing the pleadings, relevant case law, and the entire case file, the Court will grant ATO Food's motion.

**I. Background**

Plaintiff Natia Woods ("Woods") filed her complaint in the above-styled action on October 27, 2023. (Dkt. 1). Summons was returned executed on November 6, 2023. (Dkt. 5). Following ATO Food's failure to plead, respond, or otherwise defend against the action, the Clerk of the Court entered default against ATO Foods on January 4, 2024. (Dkt. 8). On February 14, 2024, ATO Foods filed an Unopposed Motion to Set Aside Clerk's Entry of Default and Motion to File Responsive Pleading Out of Time. (Dkt. 10).

**II. Standard of Review**

An entry of default may be set aside simply "for good cause." Fed. R. Civ. P. 55(c). Defaults "are not favored," and "their strict enforcement 'has no place in the Federal Rules.'" *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003) (quoting *Amberg v. FDIC*, 934 F.2d 681, 685 (5th Cir. 1991)). The Fifth Circuit, specifically, has adopted a policy "in favor of resolving

cases on their merits and against the use of default judgments." *In re Chinese Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014) (quoting *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999)). The requirement of "good cause" has thus been interpreted liberally. *Id.* In making this determination, the court should consider: (1) whether the default was willful; (2) whether a meritorious defense is presented; and (3) whether setting it aside would prejudice the adversary. *Id.* (citing *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000)). These factors are not exclusive; rather, "they are to be regarded simply as a means to identify good cause." *Id.* (citing *Dierschke v. O'Cheskey*, 975 F.2d 181, 184 (5th Cir. 1992)). Other factors, such as whether the party acted expeditiously to correct the default, may also be considered. *Id.* Weighing these factors against considerations of social goals, justice, and expediency is a process that "lies largely within the domain of the trial judge's discretion." *Rogers*, 167 F.3d at 936.

### III. Discussion

In its motion to set aside entry of default, ATO Foods argues that (1) its default was not willful; (2) it has meritorious defenses; (3) Woods will not suffer prejudice; and (4) it acted expeditiously after it discovered that default had been entered. (Mot., Dkt. 10, at 4). Therefore, there is good cause to set aside the entry of default and allow ATO Foods to file a response. (*Id.*). The Court agrees.

First, ATO Foods states that it did not willfully fail to respond to the litigation but rather inadvertently neglected to update its filings with the Texas Secretary of State to reflect its current registered agent. (*Id.*). The complaint was therefore served upon ATO Food's former registered agent, and ATO Foods was not notified. (*Id.*). "Willfulness is defined as an intentional failure to respond to the litigation." *Vecron Exim, Ltd. v. Baltagi*, No. 22-20385, 2023 U.S. App. LEXIS 21805, *4 (5th Cir. 2023) (citing *In re OCA, Inc.*, 551 F.3d 359, 370 n.32 (5th Cir. 2008)). Because ATO

Foods' failure to update its registered agent was a result of neglect and not willful failure to respond to the complaint, the Court finds that this factor weighs toward setting aside the entry of default.

Second, ATO Foods contends that it has several meritorious defenses against Woods' claims. (Mot., Dkt. 10, at 5–7). "In determining whether a meritorious defense exists, the underlying concern is whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *In re OCA, Inc.*, 551 F.3d at 373 (cleaned up). Here, ATO Foods has sufficiently shown in its motion that it has several meritorious defenses that create the possibility that the outcome will be contrary to the result achieved by a default. (*See* Mot., Dkt. 10, at 5–7). Therefore, this factor weighs in favor of setting aside the entry of default.

Third, ATO Foods states that there would be no prejudice to Woods if the motion is granted and the entry of default is set aside. (*Id.* at 7). The Court agrees as Woods does not oppose ATO Foods' motion to set aside the entry of default. (*Id.*). This case is still in the extremely early stages of litigation, and Woods will not be prejudiced by having to prosecute her case. This factor also weighs in favor of setting aside the entry of default.

Fourth, and finally, ATO Foods claims that it acted expeditiously after learning that default had been entered. (*Id.*). ATO Foods became aware of this litigation and the entry of default in late January 2024. (*Id.*). It hired counsel on February 6, 2024, and filed the instant motion on February 14, 2024. (*Id.* at 8). The Court agrees that this timeline shows that ATO Foods acted expeditiously to set aside the entry of default once it was on notice; therefore, this factor weighs toward setting aside the entry of default. As all the considered factors weigh in favor of setting aside the entry of default, the Court will do just that.

As for ATO Foods' request to file its responsive pleading out of time, the Court will also grant this relief. Woods is unopposed to ATO Foods answering or otherwise responding to Woods' complaint within 14 days of this Order. (*Id.* at 8).

## IV. Conclusion

For the reasons stated herein, the Court hereby **GRANTS** ATO Foods' Unopposed Motion to Set Aside Clerk's Entry of Default and Motion to File Responsive Pleading Out of Time. (Dkt. 10).

**IT IS ORDERED** that ATO Foods shall answer or otherwise respond to Woods' complaint on or before **March 6, 2024**.

**SIGNED** on February 20, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE